UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                              Case No. 11-CR-195

RICHARD J. SECHRIST, JR.,

      Defendant.

**ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA**

On November 4, 2011, Defendant entered a plea of guilty to a one-count Information charging him with Assault Resulting in Serious Bodily Injury on the Menominee Indian Reservation. On December 2, 2011, Counsel for Defendant filed a motion to withdraw his client's plea, which the Court summarily denied because it failed to allege any facts that would warrant such relief. On December 30, 2011, the Defendant, by handwritten letter, filed a pro se motion to withdraw his guilty plea. The Court briefly addressed the motion at the hearing of January 6, 2012, and invited the Government to file a response. It has now done so, and having considered the reasons provided by the defendant for his request and the Government's response, I conclude the motion should be denied.

I first note that the defendant does not challenge the sufficiency of the plea colloquy that led to his entry of the guilty plea. The colloquy reveals that the defendant indicated an understanding of all of the essential elements of crime, the maximum penalties, the sentencing guidelines, and the rights he is giving up by entering such a plea. He specifically denied that any promises were made to him in order to induce him to waive his rights and enter a guilty plea, other

than the promises set forth in the written plea agreement. He also denied that he had been threatened in any way to induce his plea. Defendant specifically acknowledged when asked by the Court that he was pleading guilty to the offense because he was in fact guilty of the offense. Given the plea colloquy and Defendant's answers, the Court is satisfied that the plea was knowingly and voluntarily entered, and the requirements of Fed. R. Crim. P. 11 were complied with.

In order to withdraw his plea at this point, the Defendant must provide a fair and just reason for withdrawal. Fed. R. Crim. P. 11(d)(2)(B). Here, the Defendant has offered two reasons. First, he claims that he is innocent and that the victim has recanted her complaint. Secondly, he claims he only entered his plea because his attorney was pressuring him to do so. Both reasons were explored to some extent at the hearing on January 6, 2012. Defendant's allegation or assertion that the victim has recanted her story is not based on any personal knowledge and, in fact, he offers no evidence of such recantation in the record. He states that he heard it through a relative, but he has not submitted an affidavit or called the relative as a witness. He also claims his attorney is aware of the recantation, but no submission by the attorney or any statement on the record supports his assertion. The AUSA prosecuting the case, on the other hand, advises the Court he asked a Tribal Officer to contact the victim and she denied that she had recanted her statement or even talked to Defendant about doing so. Thus, we are left with an uncorroborated claim of innocense which, by itself, is insufficient to establish a fair and just reason for withdrawal. *See United States v. Hodges*, 259 F.3d 655, 661 (7th Cir. 2001) (noting that "a defendant's bare protestations of innocence-especially after a knowing and voluntary guilty plea in a thorough Rule 11 colloquy-will not suffice, regardless of how swiftly they are made").

With respect to the complaint that he only entered his guilty plea due to pressure from his attorney, the Court is satisfied that the plea colloquy belies any such assertion. The Defendant was

2

questioned at length and acknowledged that he was fully aware of what he was doing and that it was his choice to enter such a plea. Under these circumstances, the Court is unable to find any fair and just reason for allowing Defendant to withdraw his plea. *See United States v. Schuh*, 289 F.3d 968, 975 (7th Cir. 2001) ("A district court is generally justified in discrediting the proffered reasons for the motion to withdraw and holding the defendant to his admissions at the Rule 11 hearing.") (internal quotes omitted). Accordingly, the motion will be denied.

    **SO ORDERED** this   20th   day of January, 2012.

                                               s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge